### 8313.  PERRY *v.* ANDERSON.

The judgment was not subject to attack by affidavit of illegality on the ground that the verdict on which it was based was rendered by a jury not drawn and summoned for the term of the county court at which it was rendered, and who tried the case over the defendant's objection that because of this fact they were not a legal jury.  The judgment was not void for this reason; and the remedy for error in such a case .is certiorari.

DECIDED JULY 25, 1917.

Certiorari; from Bryan superior court—Judge Sheppard.   November 7, 1916.

*O. C. Darsey,* for plaintiff.   *J. H. Smith,* for defendant.

GEORGE, J.   In a suit in the county court of Bryan county the plaintiff recovered a verdict against the defendant.   Execution was issued and levied upon the property of the defendant, and he filed an affidavit of illegality to the execution, upon the following ground: "Because the jury rendering the verdict upon which said execution is based was not a legal jury and had never been drawn or summoned to attend as jurors for said February term, and said jurors, having never been summoned and having never been drawn for said February term, were illegal jurors, and, being illegal jurors, could not find any legal verdict, and deponent never waived or consented for said jurors to try said case, but, on the other hand, made this fact known to the court before said verdict was rendered, and objected to said jurors finding any verdict in said case, whereof by reason of said fact said verdict is a nullity, and said execution is proceeding illegally."   The judge of the county court sustained a demurrer to the affidavit of illegality and dismissed it, on the ground that the defendant's remedy was certiorari, and not an affidavit of illegality.   The defendant sued out certiorari, complaining of the dismissal, and the judge of the superior court sustained the certiorari and remanded the case to the county court "for trial on the plea of illegality."

The judgment in the county court, dismissing the affidavit of illegality on demurrer, was proper. The court had jurisdiction of the person and of the subject-matter, and the judgment attacked by the affidavit of illegality was not void; at most it was only erroneous. Certiorari, and not an affidavit of illegality, was the remedy of the defendant. The judge of the superior court erred in sustaining the certiorari.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*